■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD A. BONAPARTE, Appellant.— Motion granted, judgment vacated and a new trial granted. Memorandum: The transcript of the trial minutes having been lost or misplaced, the original stenographic tapes having been lost or destroyed, and there being no other means affording an adequate and effective review, the defendant is foreclosed from having this court review all the evidence and rulings of the trial court. (See *People* v. *Hartley*, 34 A D 2d 733.) Present — Marsh, P. J., Witmer, Mahoney, Goldman and Del Vecchio, JJ.

## (February 22, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESTER ARTHUR BRUNDIGE, Appellant.— Judgment unanimously affirmed. Memorandum: Despite the fact that the defendant was 17 years old and a "slow" learner, unable to read or write, the record amply demonstrates that he was of sufficient intelligence and was possessed of enough experience to comprehend the meaning of the questions which the police asked him and to respond to them. Further, the police afforded this defendant's parents and sister an opportunity to accompany defendant to Police Headquarters (see *People* v. *Townsend*, 33 N Y 2d 37). Under all the circumstances, the statement which defendant gave to the police was voluntary and based upon a knowing and intelligent waiver of his rights (*People* v. *Stephen J. B.*, 23 N Y 2d 611; *People* v. *Hocking*, 15 N Y 2d 973). (Appeal from judgment of Monroe County Court convicting defendant of sodomy, first degree.) Present — Witmer, J. P., Moule, Cardamone, Simons and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST J. MOORE, Appellant.— Judgment unanimously affirmed. Memorandum: The appellant urges that the sentence was based upon an inaccurate presentence report. We have compared the record with appellant's admissions at the time of sentencing concerning his past criminal record. While there appear to be minor inconsistencies, we find nothing of such a prejudicial nature as to require further investigation or resentencing. We have considered appellant's other points and find them to be without merit. (Appeal from judgment of Erie County Court convicting defendant of attempted robbery, third degree and assault, third degree.) Present — Marsh, P. J., Cardamone, Simons, Mahoney and Goldman, JJ.